OPINION of the Court, by
Ch. J. Boyle
This was an action commenced by attachment sued out from a justice of the peace. The defendant in the attachment, who is plaintiff here, replevied the attached effects by-giving bond to the sheriff for his appearance at court. On his appearance he moved the court to dismiss the attachment; but his motion was overruled, and he took no exception stating the grounds ot his motion. He then gave special bail, and the plaintiff in the action having filed his declaration, took an office judgment, for want of a plea. At the succeeding term after the office judgment, the defendant moved to set it aside, and offered to file 3 special demurrer ; but the court refused to receive the demurrer, and final judg-meat was given for the plaintiff ; to which the defen-ditnt has prosecuted this writ of error,
Many objections are taken to the proceedings in tms case, The first which we deem material to be noticed, questions the propriety of overruling the defendant’s *222 motion to dismiss the attachment. As no exception was taken in the court below, stating the grounds upon which the motion was made, we are left to conjecture what they were. The attachment is upon its face unquestionably defective : its defects, however, are not of a nature tobe incurable by subsequent proceedings ; and in such a case it was not the duty of the court ex of-ficio to quash it, without a motion for that purpose. The mouon in this case may have been made either for the defects apparent upon the face of the attachment, or for extrinsic causes, such as that the plaintiff was a nonresident, or the like. If the motion were made for the defects in the attachment, the court erred in overruling it ; but if the motion were made for extrinsic causes, then the court may have acted correctly, either because the alleged causes were unsupported in fact, or were insufficient in law. As the record does not shew the grounds of the motion, andas they may have been of a nature to authorise the overruling of the motion, we must suppose that such was the case ; because it is an Invariable rule, that wherever the court may have acted correctly, we ought to presume that they have done so, unless the contrary is made to appear by bill oí excep tions or otherwise.
Upon appearance and giving Bail on an attachment, the eauieis regularly to be ier.t to the rules, as in other cases.
A judgment not bating the rate of interest is erroneous*
The second objection which seems to merit attention, alleges that it was illegal to send the cause to the rules, there being no law to authorise it.
We are not apprised of any case in which this point 1-os ban drffid d , but, considering it as unsealed by Í.I., a .ja L. Uirn, St can have but little doubt where the uv-ti. h i> been replevied by giving bail in c au c, o. us v via’ mind to the sheriff," that it is regular a;. 1 leg .1 .) proceed in the office as in other civil cases ¡s required. This seems to be strongly implied by the 7th and 8th sections of the act authorising attachments, and more especially by the latter part ot the 8th section. It is there provided “ that if the defendant shall fail to appear and give special bail,-if ruled so to do, the sheriff and security shall be subject to the same ludgmcut and recovery, and have the same liberty tilth jaiLt and relief as if such security had been «»• ken up m execution of mesne process.”
Tins provision, authorising the same judgment anc-recovery, and giving the same liberty of defence and re *223 lief, by necessary implication requires the same rootle of proceeding as is required to be had in other civil cases.
The third objection which deserves to be noticed, questions the propriety of refusing to set aside the office judgment, and rejecting the demurrer offered by the defendant.
The special cause assigned for demurrer respects the defects in the attachment and in the attachment bond, and an alleged variance between the sum mentioned in the attachment and that mentioned in the declaration. These are matters evidently not in bar of the action, but in abatement only ; and according to the settled rules of practice, no plea in abatement, whether of law or of fact, can be received after a judgment regularly taken in the office. The court therefore acted correctly in rejecting the demurrer.
The only remaining objection which has any claim to be noticed, respects the uncertainty of the judgment, in not stating the rate of interest.
Were this a new point, we should have much hesitation in sustaining the objection ; but it has already been determined to be fatal, in the case of Troxwell vs. Fugate, Hard. 2, and in the case of Colton vs. Reavill and Tilford, ante 99, On this ground therefore the judgment is erroneous.
Wherefore it is considered by the court that the judgment of said circuit court be reversed so far only as respects the interest, and that the cause be remanded to said court, who are hereby directed to enter up the judgment, specifying the rate of interest to be recovered, ifcc. -